UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | No. 2:14-cv-1810 CKD P |
| Petitioner, | |
| v. | ORDER |
| D. DAVEY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). The court must now determine if the action is frivolous or malicious.

In considering whether to dismiss an action as frivolous pursuant to § 1915(d), the court has especially broad discretion. Conway v. Fugge, 439 F.2d 1397 (9th Cir. 1971). The Ninth Circuit has held that an action is frivolous if it lacks arguable substance in law and fact. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court's determination of whether a complaint or claim is frivolous is based on "'an assessment of the substance of the claim

1

1  presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted
2  wrong, however inartfully pleaded.'" Franklin, 745 F.2d at 1227 (citations omitted).

3  Petitioner's petition was filed with the court on July 31, 2014. In it, he challenges a criminal conviction in the Lassen County Superior Court for possession of a prison-made weapon and battery on a non-inmate. Petitioner's allegations concern both the criminal and prison disciplinary proceedings on these charges. (ECF No. 1.) As set forth below, both are the subject of pending federal habeas actions in this district.

8  Court records reveal that on December 10, 2012, petitioner filed a petition challenging the prison disciplinary conviction for possession of a weapon and battery on staff that underlies the criminal conviction challenged in the instant case. Herrera v. Gipson, No. 2:12-cv-2982 TLN DAD P ("Gipson I").[1] Respondent's motion to dismiss the petition in that action is pending. See Gipson I, ECF No. 22 at 2, n.1.

13  Court records further reveal that on February 27, 2012, petitioner filed a petition challenging the same criminal conviction as in the instant case. Herrera v. Gipson, No. 2:12-cv-0508 KJM DAD P ("Gipson II"). An evidentiary hearing has been set on petitioner's claim in that action. (Gipson II, ECF Nos. 60, 78.)

17  Due to the duplicative nature of the present action, the court finds it frivolous and, therefore, will dismiss the petition. 28 U.S.C. § 1915(d).

19  IT IS HEREBY ORDERED that:
20  1. The motion to proceed in forma pauperis (ECF No. 5) is granted.
21  2. This action is dismissed without prejudice. See Fed. R. Civ. P. 41(b).
22  3. The Clerk of Court shall close this case.

23  Dated: September 17, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

26  2 / herr1810.123

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).